# IN THE UNITED STATES DISTRICT COURT
# FOR WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

FILED BY _____ D.C.

01 JUL 27 PM 2: 51

ROBERT R. DI TROLIO
CLERK U.S. DIST. CT.
W.D. OF TN, MEMPHIS

---

**J.C. JACKSON, Deceased by through his next friend and wife DEATHER JACKSON, et al.,**

    Plaintiffs,

vs.

**JOHNSON & JOHNSON, INC.,**

    Defendant.

Case No.   01-2113 D

---

## ORDER ADMINISTRATIVELY CLOSING CASE

It appears that the Multi-District Litigation Panel pursuant to 28 U.S.C. § 1407 and Rule 7.4 of the Rules of Procedure of Judicial Panel on Multi-District Litigation has identified this case as a tag-along case. Accordingly, it appears that no further case administration is warranted in this court at this time.

This court, therefore, will administratively close the above-captioned case pursuant to its inherent powers.

It is expressly emphasized that an order administratively closing a case is purely an administrative device for the convenience of the court and in nowise affects the substantive and/or procedural rights of the parties in interest to proceed before this court at a later date. To administratively close a case merely means to close a case for statistical purposes in the office of the District Court Clerk and the Administrative Office of the United

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 7/30/01



States Courts.

It also is expressly emphasized that an administratively closed case can be easily reopened by a simple order of the court without the necessity of a reopening filing fee should the case require further administration by the District Court. Upon its reopening, the case then becomes, ipso facto, a statistically active case and resumes the same status it had before the administrative closing without prejudice to the rights of any party in interest. Accordingly,

IT IS ORDERED AND NOTICE IS HEREBY GIVEN THAT:

1. The Court Clerk is directed, consistent with the foregoing, to administratively close this case in his records without prejudice to the substantive and/or procedural rights of any party in interest to move at a later time to reopen the case for good cause, including the entry of any stipulation or order, or for any other purpose required to obtain a final determination of pending litigation.

2. In the event a party in interest files a motion at a later time seeking to reopen this administratively closed case, no reopening filing fee shall be required.

3. The Clerk is expressly directed to docket any order of dismissal immediately upon receipt.

IT IS SO ORDERED this 27th day of July 2001.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 24 in case 2:01-CV-02113 was distributed by fax, mail, or direct printing on July 30, 2001 to the parties listed.

Timothy R. Holton
DEAL COOPER & HOLTON PLLC
296 Washington Avenue
Memphis, TN 38103

Paul Berry Cooper
DEAL, COOPER, & HOLTON, PLLC
296 Washington Ave.
Memphis, TN 38103

Michael A. Jaynes
HARDEE MARTIN JAYNES & IVY, P.A.
213 E. Lafayette Street
Jackson, TN 38301

Handel R. Durham
CHAMBERS & DURHAM
100 North Main St.
Ste. 3200
Memphis, TN 38103

J. Kimbrough Johnson
THOMASON HENDRIX HARVEY JOHNSON & MITCHELL
One Commerce Square
40 S. Main St.
Ste. 2900
Memphis, TN 38103

Jimmy Moore
CIRCUIT COURT, 30TH JUDICIAL DISTRICT
Shelby County Courth
140 Adams Ave.
Rm. 224
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT